GREEN, J.
delivered the opinion of the court.
The bill sets forth that the defendants have obtained various judgments against the Lagrange and Memphis Rail Road Company; that executions have been issued, and have been levied on the property of the company, consisting of a lot of cedar timber, three hundred and twenty-six tons of rail road iron, one locomotive engine, and nine rail road cars; that this property is subject to the lien reserved in favor of the State, by the acts of1837-8, ch. 107, and 1839-40, ch, 101, until all the stock held by individuals shall be fully paid up, and that thirty-two thousand dollars of stock held by individuals is yet unpaid. Wherefore an injunction is prayed for, to restrain the sale of the said' .property, levied on as aforesaid by the defendants.
The injunction was granted, and the defendants appeared and demurred to the bill.
By the 24th section of the act of the 19th of January, 1838, it is enacted, “That the State of Tennessee shall have a lien on the entire works of said companies respectively, for the amount so paid in by the State, and all the profits, rents and tolls of *489 said companies shall enure to the benefit of the State, until individual stockholders shall have paid their entire stock in said companies respectively.” The act of 1839-40, in the proviso to the fifth section, declares, that “the State shall have a lien upon the private property of each stockholder, until the whole of said stockholders’ stock is paid up: also, the State shall have a lien upon all the property of said company,.including land owned and town sites purchased and donated, as herein provided for, as a security to the State that all the stock held' by individuals in said company is good arid solvent, -and will be paid.”
1st. The terms of these acts are very broad, and declare the existence of the lien in the most comprehensive language. But the defendants insist, that these acts were designated as an arrangement between the different corporators alone, and were not intended to operate against third persons.
We cannot so understand the language used by the legislature. It is certainly in terms as comprehensive as it could have been made; and the declared purpose and object of the law would be wholly defeated by the interpretation contended for.
If the private property of the stockholders may be seized by their creditors, and the property of the company may be taken and sold by their creditors, in what would the security to the State consist? Certainly the mere right of the State, as between it and the individual stockholders, would effect nothing, if the cars and locomotive engines, necessary for carrying on the business of the company, and the only means for obtaining the receipt of tolls, might be seized by its creditors and sold.
We cannot so understand these laws. Such a construction would alike do violence to the language and meaning of the legislature.
The assumption, that the State had no power to create this lien in its favor in the company, is wholly unfounded. It is neither supported by reason or authority.
The case of the Bank of the United States vs. Planters’ Bank of Georgia, (9 Wheaton’s Reports, 904,) has no application to the present question. The question in that case was, whether the Bank of Georgia could be sued, a sovereign state not liable *490 to be sued, being a stockholder in a bank. The court decided that it might be sued; that a sovereign state becoming a stockholder, descended to the level of other stockholders, and did not, by its connection with them, elevate the corporation to the dignity and exemption of a sovereign state.
But here, the sovereign state, by its law making power, declares the existence of a lien upon the property of the company and of the other corporators, for its security. The legislature would have had the power in granting a charter of incorporation to private persons, or stockholders, to have given those whose stock was paid in a lien upon the property of the company, to secure the payment by the other stockholders; and shall it be said that the State has no power to enact a law in its own behalf, which it might have made in behalf of private citizens? Surely not.
The injunction must be allowed.